UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LELAND JOHN WILCOX,**

        **Plaintiff,**                     **CIVIL ACTION NO. 11-14105**

    vs.

                                          **DISTRICT JUDGE VICTORIA A. ROBERTS**

**COMMISSIONER OF**                     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Leland Wilcox filed this action seeking judicial review of Defendant's decision denying his application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 17.) Before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). (Docket no. 19; *see also* docket no. 20.) Defendant filed a Response (docket no. 24), and Plaintiff filed a Reply (docket no. 25). The Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 26.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

---

    [1]Although referred for a determination under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A) because it is not a "pretrial matter" and it is considered "dispositive of a claim." *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993). Therefore, the undersigned will proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION:**

The Court recommends that Plaintiff's Petition for attorneys fees under the Equal Access to Justice Act (docket no. 19) be DENIED.

**II.    REPORT:**

**A.    Procedural History**

Plaintiff filed an application for disability insurance benefits on September 22, 2009, alleging disability beginning July 6, 2009. (TR 136). Plaintiff's claim was ultimately denied by ALJ Rebecca LaRiccia, and after the Appeals Council denied his appeal, he filed the instant Complaint. (*See* docket no. 1.) Plaintiff filed a Motion for Summary Judgment, wherein he argued that (1) the ALJ failed to properly evaluate three treating source opinions of Dr. Oney-Marlow, and (2) the ALJ's decision was not supported by substantial evidence because the ALJ formulated an inaccurate hypothetical that did not accurately portray Plaintiff's moderate deficiencies in maintaining concentration, persistence, or pace. (*See* docket no. 13.)

The undersigned found that the ALJ provided good reasons for affording limited weight to Dr. Oney-Marlow's reports, but recommended remanding this matter because the ALJ did not properly account for Plaintiff's limitations in concentration, persistence, or pace. (Docket no. 16 at 14, 16-17.) Neither party objected, and the Court adopted the report and recommendation. (Docket no. 17.) Plaintiff's counsel now seeks $4,328.00 in fees under the EAJA.[2] (Docket no. 25.)

**B.    Analysis**

---

[2]Plaintiff's counsel initially sought $3,784.00 for work related to Plaintiff's initial Complaint, Motion, and Petition for Attorney's Fees. (Docket no. 19.) Plaintiff now seeks an additional $544.00 for 3.2 hours spent on Plaintiff's Reply in support of his Petition for Attorney's Fees. (Docket no. 25 at 5.)

The EAJA provides that the Court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The Act also provides that the attorney fees awarded may not be at a rate of more than $125 per hour, unless the Court determines that an increase in the cost of living, or some other special factor, justifies a higher fee. *Id.* § 2412(1)(D)(2)(A). Defendant argues that the government's position in this matter was substantially justified and that even if an award of fees is appropriate, Plaintiff's requested fees are excessive. (Docket no. 24.)

The proper standard when determining whether the government's position was substantially justified is "whether the government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government bears the burden of making such a showing. *See Scarborough v. Principi*, 541 U.S. 401, 416 (2004). But "[t]he fact that [the court] found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (citing *Pierce*, 487 U.S. at 569 and *Jankovich*, 868 F.2d at 870)). "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . .'" *Scarborough*, 541 U.S. at 415 (internal citations omitted). Likewise, "a position can be justified even though it is not correct." *Pierce*, 487 U.S. at 556 n.2.

Here, the Court, in adopting the undersigned's earlier report and recommendation, found that the ALJ erred when she failed to account for Plaintiff's moderate limitations in concentration, persistence, or pace. Notably, however, in reaching this conclusion, the undersigned did not find

that the ALJ selectively considered any evidence in formulating Plaintiff's RFC. To the contrary, the Court found that the ALJ did not err when she gave limited weight to Dr. Oney-Marlow's reports. Thus, the substantial justification of the government's position turns on whether the ALJ's omission of a concentration, persistence, or pace limitation in Plaintiff's RFC was so erroneous, in both law and fact, that defending the ALJ's decision would not satisfy a reasonable person. The following discussion from a similar matter in this District is enlightening:

> In the present case, the Magistrate Judge determined the ALJ improperly omitted his finding that Plaintiff had a moderate CPP limitation when posing the hypothetical question. There is no evidence that the ALJ selectively considered evidence in his determination. In fact, the Magistrate Judge recommended that the ALJ properly discounted Dr. Cooley's medical opinion and a number of Plaintiff's assertions based on credibility. The Magistrate Judge pointed to no other errors or omissions of the ALJ which would have affected the RFC. Under *Howard*, an error such as this may not be so significant as to be unsupported by evidence leading to a conclusion that the Commissioner's position was not substantially justified.
>
> Furthermore, the Magistrate Judge noted the recent divergence of decisions involving whether claimant's limitations in CPP must be explicitly accounted for when posing the hypothetical question. *Hicks v. Comm'r of Soc. Sec.*, 2011 WL 6000714 (E.D.Mich.2011) (adopted by 2011 WL 6000701 (E.D.Mich.2011) (Roberts, J.)), dealt with this issue. In the R & R, the Magistrate Judge stated that "a hypothetical simply limiting a claimant to 'simple routine tasks' may, in some instances, fail to capture a claimant's moderate limitations in 'concentration, persistence, or pace' because the difficulty of a task is not equivalent to the difficulty of staying on task." *Hicks*, 2011 WL 6000714 at *7 (emphasis added). She distinguished between cases in which an ALJ made the finding of a moderate CPP limitation and those in which a medical professional makes such a finding. *Id.* at *8. When the ALJ makes a finding, but fails to include it in the hypothetical, it is more likely that the ALJ has committed reversible error. *See Benton v. Comm'r of Soc. Sec.*, 511 F.Supp.2d 842, 849 (E.D.Mich.2007); *Badour v. Comm'r of Soc. Sec.*, 2011 WL 3320872 at *8 (E.D.Mich.2011); *Allen v. Comm'r of Soc. Sec.*, 2010 WL 3905983 at *5 (E.D.Mich.2010).
>
> "For the purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation." *Perket v. Sec. of Health & Human Servs.*, 905 F.2d 129, 134 (6th Cir.1990) (quoting *Spencer v. N.L.R.B.*, 712 F.2d 539, 559 (D.C.Cir.1983). In the present case, it was reasonable for the Commissioner to defend the ALJ's findings, even if erroneous,

because there is no clearly established precedent mandating that the ALJ explicitly include the moderate CPP limitation in the hypothetical posed to the vocational expert.

*Cwik v. Astrue*, No. 10-15121, 2012 WL 3840713, *3-4 (E.D. Mich. Sept. 5, 2012) (Battani, J.)  For the same reasons expounded in *Cwik*, the undersigned recommends that the Court deny Plaintiff's Motion for attorney fees.  Even though the Court found that the ALJ erred in omitting Plaintiff's moderate limitation in concentration, persistence, or pace, the ALJ properly considered all of the evidence in the record.  This, coupled with a lack of clearly established precedent on the issue of concentration, persistence, or pace, "provided the Commissioner with a reasonable basis to support the ALJ's decision." *Id.* at *4.  Therefore, Defendant's position was substantially justified.[3]

## III.   CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Petition for attorneys fees under the Equal Access to Justice Act (docket no. 19) be DENIED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

---

[3] Because the undersigned recommends denying Plaintiff's Motion for attorney fees, it is unnecessary to discuss the reasonableness of the requested fees.

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: December 3, 2013   s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 3, 2013   s/ Lisa C. Bartlett
Case Manager